# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**234**

**KA 11-02057**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

NJERA A. WILSON, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered June 28, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of two counts of assault in the second degree (Penal Law § 120.05 [2]). Defendant contends that his attorney raised potential defenses to both counts prior to the plea colloquy and that his subsequent guilty plea therefore was not voluntarily, knowingly, and intelligently entered. Although defendant's contention survives his waiver of the right to appeal, defendant failed to preserve his contention for our review by failing to move to withdraw his guilty plea or to vacate the judgment of conviction on that ground (*see People v McKeon*, 78 AD3d 1617, 1618, *lv denied* 16 NY3d 799). "This is not one of those rare cases 'where the defendant's recitation of the facts underlying the crime[s] pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea[]' to obviate the preservation requirement" (*People v Rodriguez*, 17 AD3d 1127, 1129, *lv denied* 5 NY3d 768, quoting *People v Lopez*, 71 NY2d 662, 666; *see People v Davis*, 45 AD3d 1357, 1358, *lv denied* 9 NY3d 1005).

Defendant's further contention that County Court deviated from its sentencing promise by issuing an order of protection is also unpreserved for our review (*see People v Smith*, 294 AD2d 916, 916). In any event, we conclude that it is without merit. " 'An order of protection may properly be issued independent of a plea agreement' . . . and, although such an order is issued at sentencing, it is not a

part of defendant's sentence" (*People v Lilley*, 81 AD3d 1448, 1448, *lv denied* 17 NY3d 860; *see People v Nieves*, 2 NY3d 310, 316; *People v Dixon*, 16 AD3d 517, 517).

Entered:  March 21, 2014                          Frances E. Cafarell
                                                  Clerk of the Court