# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**241**
**KA 13-00047**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GERARD ALLEN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 7, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his plea was not voluntarily, knowingly, and intelligently entered because a potential defense was raised prior to the plea proceeding. Defendant failed to preserve that contention for our review because he did not move to withdraw his plea or to vacate the judgment of conviction, and this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666) inasmuch as nothing in the plea colloquy calls into question the voluntariness of the plea or casts significant doubt on defendant's guilt (*see People v Wilson*, 115 AD3d 1229, 1229, *lv denied* 23 NY3d 969). To the extent that defendant contends that the potential defense was raised in the presentence report, defendant likewise failed to preserve that contention for our review (*see People v Young*, 281 AD2d 950, 950, *lv denied* 96 NY2d 909). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court