People v Cunningham (2023 NY Slip Op 00592)

People v Cunningham

2023 NY Slip Op 00592

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

981 KA 21-01563

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY S. CUNNINGHAM, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered August 3, 2021. The judgment convicted defendant upon a plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law
§ 120.10 [1]). Contrary to defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see generally People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Brackett, 174 AD3d 1542, 1542 [4th Dept 2019], lv denied 34 NY3d 949 [2019]). That valid waiver forecloses defendant's challenges to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]) and the factual sufficiency of his plea allocution (see People v Oliver, 178 AD3d 1463, 1464 [4th Dept 2019], lv denied 39 NY3d 987 [2022]; People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]; People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]).
Defendant further contends that his plea was not knowingly, voluntarily, and intelligently entered because a potential defense was raised both prior to the plea proceeding and by statements he made at sentencing. Although that contention survives defendant's waiver of the right to appeal, it is not preserved for our review because defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction on that ground (see People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; People v Allen, 137 AD3d 1719, 1720 [4th Dept 2016], lv denied 27 NY3d 1127 [2016]; People v Wilson, 115 AD3d 1229, 1229 [4th Dept 2014], lv denied 23 NY3d 969 [2014]). The narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply in this case because defendant said "[n]othing . . . during the plea colloquy itself" that negated an element of the pleaded-to crime or otherwise called into doubt the voluntariness of his plea (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see also People v Romanowski, 196 AD3d 1081, 1082 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]).
Defendant's contention that he was denied effective assistance of counsel survives his guilty plea and valid waiver of the right to appeal "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). To the extent that defendant's contention is based on defense counsel's alleged failure to investigate or prepare a defense of mental disease or defect, it is unreviewable on direct appeal because it involves matters outside the record (see People v Boyde, 71 AD3d 1442, 1443 [4th [*2]Dept 2010], lv denied 15 NY3d 747 [2010]; People v Washington, 39 AD3d 1228, 1230 [4th Dept 2007], lv denied 9 NY3d 870 [2007]). To the extent that defendant's contention survives his plea and appeal waiver and is reviewable on direct appeal, we conclude that it lacks merit inasmuch as nothing in the record suggests that defense counsel's representation was anything less than meaningful (see Boyde, 71 AD3d at 1443).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court