People v Jones (2023 NY Slip Op 05068)

People v Jones

2023 NY Slip Op 05068

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

647 KA 23-00472

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KASHEIM JONES, DEFENDANT-APPELLANT. 

JAMES C. EGAN, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 17, 2022. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Although defendant waived his right to appeal, as part of his plea agreement, he expressly reserved the right to raise on appeal his contention that Supreme Court improperly refused to direct the enforcement of a more advantageous preindictment plea offer, as a sanction for the prosecution's alleged violation of CPL 245.25 (1). We nonetheless conclude that defendant's contention is without merit. The subdivision cited by defendant directs, as relevant here, that when a plea offer is made on a felony complaint prior to indictment, as here, "[t]he prosecution shall disclose the discoverable items and information not less than three calendar days prior to the expiration date of any guilty plea offer by the prosecution or any deadline imposed by the court for acceptance of the guilty plea offer" (CPL 245.25 [1]). On a defendant's motion seeking a sanction based on the prosecution's alleged violation of that subdivision, "the court must consider the impact of any violation on the defendant's decision to accept or reject [the] plea offer" (CPL 245.25 [1]). Inasmuch as defendant conceded in his motion that he was unaware of the preindictment plea offer prior to its expiration, due to his absence from the jurisdiction and lack of communication with defense counsel, the court properly determined that a violation of CPL 245.25 (1) by the prosecution, if any, could not have "materially affected" defendant's "decision to accept or reject [the] plea offer" (CPL 245.25 [1]; see generally People v Hewitt, 201 AD3d 1041, 1043-1044 [3d Dept 2022], lv denied 38 NY3d 928 [2022]).
Defendant further contends that he was denied effective assistance of counsel because defense counsel failed to communicate the preindictment plea offer to him in a timely manner. Even assuming, arguendo, that defendant's contention survives his guilty plea and waiver of the right to appeal (see People v Cunningham, 213 AD3d 1270, 1271 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]), it
" 'involves matters outside the record on appeal and, thus, it must be raised by way of a motion pursuant to CPL article 440' " (People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019], lv denied 37 NY3d 974 [2021]; see People v Goodwin, 159 AD3d 1433, 1435 [4th Dept 2018]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court