People v Council (2025 NY Slip Op 00596)

People v Council

2025 NY Slip Op 00596

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

939 KA 18-01550

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUIS D. COUNCIL, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, A.J.), rendered July 5, 2018. The judgment convicted defendant upon his plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). Although defendant retains the right to appellate review of his challenge to the voluntariness of the plea regardless of the validity of his waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 566 [2019], cert denied — US —, 140 S Ct 2634 [2020]), that challenge is not preserved for our review because defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Cunningham, 213 AD3d 1270, 1271 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Tapia, 158 AD3d 1079, 1080 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]). The narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply in this case. Here, nothing defendant said during the plea colloquy itself required County Court to inquire further before accepting the plea (see People v Freeland, 198 AD3d 1380, 1381 [4th Dept 2021]; People v Shanley, 189 AD3d 2108, 2109 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). Even assuming, arguendo, that defendant's act of shaking his head "no" during the plea colloquy was enough to require a further inquiry, the record establishes that the court noted defendant's behavior and asked him whether he was, in fact, "prepared to go forward with the final plea." Defendant indicated that he was, and the court then described the factual allegations in the indictment again before asking defendant how he pleaded to the charge of robbery in the first degree. After defendant pleaded "guilty," the court asked him yet again if he had "any questions about the rights [he had] given up, the terms of the plea agreement, or the consequences of pleading guilty," and defendant responded, "No." Inasmuch as the plea minutes demonstrate that the trial court "properly conducted further inquiry to ensure that defendant's plea was knowing and voluntary," the exception to the preservation requirement does not apply to this case (Lopez, 71 NY2d at 667-668). Contrary to defendant's assertion, "a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's voluntariness based upon comments made by the defendant during . . . sentencing" (People v Edmonds, 229 AD3d 1275, 1276 [4th Dept 2024] [internal quotation marks omitted]; see People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]). We decline to exercise our power to review defendant's challenge to the voluntariness of his plea as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court