People v Gardner (2025 NY Slip Op 02474)

People v Gardner

2025 NY Slip Op 02474

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

243 KA 23-01076

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AUSTIN M. GARDNER, DEFENDANT-APPELLANT. 

KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, ACTING DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered June 15, 2023. The judgment convicted defendant, upon a guilty plea, of criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sexual act in the third degree (Penal Law former § 130.40 [3]). We affirm.
Defendant contends that his plea was involuntary because his statements at sentencing negated an essential element of the crime and County Court failed to conduct a further inquiry to ensure that the plea was voluntary. Although defendant retains the right to appellate review of his challenge to the voluntariness of the plea regardless of the validity of his waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 566 [2019], cert denied — US —, 140 S Ct 2634 [2020]), that challenge is not preserved for our review because defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Cunningham, 213 AD3d 1270, 1271 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Tapia, 158 AD3d 1079, 1080 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]; People v Wilson, 59 AD3d 975, 975 [4th Dept 2009], lv denied 12 NY3d 861 [2009]). The narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply in this case. Defendant said "[n]othing . . . during the plea colloquy itself" that negated an element of the pleaded-to crime or otherwise called into doubt the voluntariness of his plea (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see Cunningham, 213 AD3d at 1271), and the court therefore had no duty to conduct further inquiry with respect to the plea (see Lopez, 71 NY2d at 666). Contrary to defendant's assertion, "a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's voluntariness 'based upon comments made by [the] defendant during . . . sentencing' " (People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; see Mobayed, 158 AD3d at 1223). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that his sentence is unduly harsh and severe. Defendant knowingly, voluntarily, and intelligently waived his right to appeal (see Thomas, 34 NY3d at 559-564; People v Benjamin, 216 AD3d 1457, 1457 [4th Dept 2023]) and that waiver encompasses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Defendant's contention that he was denied effective assistance of counsel survives his guilty plea and valid waiver of the right to appeal "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d [*2]1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Brown, 305 AD2d 1068, 1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003]). Here, defense counsel secured a favorable plea bargain for defendant, and nothing in the record casts doubt on the apparent effectiveness of defense counsel (see People v Ford, 86 NY2d 397, 404 [1995]; People v Smith, 198 AD3d 1347, 1348 [4th Dept 2021]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court