People v Coon (2025 NY Slip Op 04418)

People v Coon

2025 NY Slip Op 04418

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., MONTOUR, GREENWOOD, NOWAK, AND HANNAH, JJ.

576 KA 22-00872

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY A. COON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN HUTCHISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Niagara County Court (John James Ottaviano, J.), rendered May 9, 2022. The judgment convicted defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from separate judgments convicting him, upon his guilty pleas, of attempted course of sexual conduct against a child in the first degree (Penal Law §§ 110.00, former 130.75 [1] [a]). The two pleas were entered in a single plea proceeding.
Contrary to defendant's contention with respect to both appeals, the record establishes that the oral colloquy was adequate to ensure that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Giles, 219 AD3d 1706, 1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; People v Cunningham, 213 AD3d 1270, 1270 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We note that County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see generally Thomas, 34 NY3d at 567; People v Osgood, 210 AD3d 1426, 1427 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). The valid waiver forecloses defendant's challenge in each appeal to the severity of the sentence (see People v Lopez, 6
NY3d 248, 255-256 [2006]; People v Malcolm, 231 AD3d 1503, 1504 [4th Dept 2024], lv denied 43 NY3d 931 [2025]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court