■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CLAYTON JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered November 10, 1982, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Groh, J.), after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of certain statements.

Judgment affirmed.

The finding by the hearing court that the defendant gave both his oral statement to the arresting officer and his taped confession to an Assistant District Attorney after separate, valid waivers of his *Miranda* rights was amply supported by the record. Although the arresting officer did not consent to the defendant's request to speak with his wife during the station house interrogation, in the absence of evidence that the police forbade the defendant to speak with his wife in an effort to bar the defendant's exercise of his right to counsel and to obtain a confession, there was no infringement of the defendant's rights *(see, People v Fuschino,* 59 NY2d 91, 100).

The defendant's failure to pursue the issue of the existence of probable cause for his arrest at the hearing as evidenced by his failure to cross-examine the arresting officer as to the probable cause basis for his arrest, failure to mention the issue in his closing statement, and his failure to object when the hearing court's decision did not address the issue constitutes a failure to preserve the issue as a matter of law *(see, People v Martin,* 50 NY2d 1029; *People v Smith,* 108 AD2d 763). Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JENKINS, True Name KEVIN TURNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered February 23, 1984, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

As part of the plea agreement, the defendant validly waived his right to review on appeal the denial of his motion to suppress physical evidence, and, accordingly, that issue is not properly before this court *(People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Esajerre,* 35 NY2d 463). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.