◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALDYR W. CORREA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was indicted on three counts of murder in the second degree (Penal Law § 125.25 [1], [2], [3]) and two counts of robbery in the first degree (Penal Law § 160.15 [1], [2]). He was informed that, as a condition to acceptance of his plea of guilty to a reduced charge of manslaughter in the first degree (Penal Law § 125.20 [1]), he would be required to waive his right to appeal from the denial of his motion to suppress certain admissions he had made to the police. On this record, there can be no doubt that defendant was made fully aware of his right to appeal and of the consequences of a waiver of that right. It is clearly demonstrated that both his plea and the associated waiver were made knowingly and voluntarily, and with the advice of counsel. Under these circumstances, defendant may properly be held to the waiver (see, People v Williams, 36 NY2d 829, cert denied 423 US 873; People v Jenkins, 118 AD2d 731, lv denied 67 NY2d 944; People v Durant, 101 AD2d 1008; People v Santana, 99 AD2d 586). Thus we do not address defendant's argument that the motion to suppress should have been granted.

We have reviewed the sentence imposed by the court, and we find that it is not harsh and excessive. (Appeal from judgment of Oneida County Court, Buckley, J.—manslaughter, first degree.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.