Fourth Department, April, 2010

(April 30, 2010)

The People of the State of New York, Respondent, v Michael S. Morgan, Appellant. [901 NYS2d 773]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered November 15, 2006. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and two counts of endangering the welfare of a child (§ 260.10 [1]). We

reject the contention of defendant that County Court erred in denying his request to represent himself. "The request to represent oneself must be invoked clearly and unequivocally" (*People v LaValle*, 3 NY3d 88, 106 [2004]; *see People v McIntyre*, 36 NY2d 10, 17 [1974]). Here, however, the sole request by defendant to represent himself was equivocal because he made that request "as a way of obtaining the dismissal of . . . assigned counsel. [Indeed,] defendant's . . . request[ ] to proceed pro se [was] made in the alternative [inasmuch as] he sought to represent himself only because [the c]ourt refused to replace . . . assigned counsel[,] who had displeased him" (*People v Gillian*, 8 NY3d 85, 88 [2006]). Consequently, viewing defendant's request in its immediate context and in light of the record before us, we cannot conclude that defendant made an unequivocal request to proceed pro se (*see id.*; *LaValle*, 3 NY3d at 106). Present—Smith, J.P., Carni, Pine and Gorski, JJ.