# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**819**

**KA 10-01489**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JAMES L. BLACKWELL, DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOSEPH D. WALDORF, P.C., ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 10, 2010. The judgment convicted defendant, upon his plea of guilty, of forgery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of forgery in the second degree (Penal Law § 170.10 [1]). We agree with defendant that his purported waiver of the right to appeal is invalid. The waiver was not mentioned until after defendant pleaded guilty and, in any event, the record fails to establish that County Court engaged him in an adequate colloquy to ensure that the waiver was a knowing and voluntary choice (*see People v Frysinger*, 111 AD3d 1397, 1398; *see generally People v Bradshaw*, 18 NY3d 257, 264-267). Contrary to defendant's further contention, however, the invalidity of the waiver of the right to appeal does not undermine the voluntariness of his guilty plea (*see generally People v Gruber*, 108 AD3d 877, 878, *lv denied* 22 NY3d 956).

Defendant contends that the court lacked jurisdiction over him because he did not enter a formal plea to the indictment (*see* CPL 210.50). That contention is not preserved for our review (*see People v Miller*, 27 AD3d 1017, 1017-1018), and we conclude that it would not warrant reversal in any event given that the parties at all times "proceeded . . . as if defendant had entered a formal plea of not guilty" (*People v Rodabaugh*, 26 AD3d 598, 600).

We reject defendant's contention that the court abused its discretion in denying his request to substitute counsel. Even assuming, arguendo, that defendant's factual allegations were specific enough to give rise to a duty on the part of the court to consider the

request (*see People v Porto*, 16 NY3d 93, 99-100; *cf. People v Lewicki*, 118 AD3d 1328, 1329, *lv denied* 23 NY3d 1064), we conclude that the court made the requisite "minimal inquiry" into defendant's objections concerning his attorney (*People v Sides*, 75 NY2d 822, 825; *see People v Adger*, 83 AD3d 1590, 1592, *lv denied* 17 NY3d 857), and reasonably determined that defendant had not shown good cause for substitution (*see People v Linares*, 2 NY3d 507, 510-512). " 'At most, defendant's allegations evinced disagreements with counsel over strategy . . . , which were not sufficient grounds for substitution' " (*People v Bradford*, 118 AD3d 1254, 1255, *lv denied* 24 NY3d 1082). In addition, the record does not establish that defendant made an unequivocal request to represent himself (*see generally People v Morgan*, 72 AD3d 1482, 1482-1483, *lv denied* 15 NY3d 854). We conclude that the court did not abuse its discretion in refusing to entertain defendant's other pro se motions (*see generally People v Rodriguez*, 95 NY2d 497, 501-502).

Finally, we reject defendant's contention that he was denied effective assistance of counsel. Defense counsel was not required to support defendant's various pro se motions (*see People v Adams*, 66 AD3d 1355, 1356, *lv denied* 13 NY3d 858; *see also People v Jones*, 261 AD2d 920, 920, *lv denied* 93 NY2d 972), and she did not take a position that was adverse to his interests merely by briefly defending her own performance in response to his request to substitute counsel (*see People v Fudge*, 104 AD3d 1169, 1170, *lv denied* 21 NY3d 1042; *see generally People v Nelson*, 7 NY3d 883, 884). To the extent that defendant contends that counsel was ineffective because she "misrepresented the initial plea offer and his ability to participate in the judicial diversion program," we conclude that such contention is based upon matters outside the record and thus may be raised only by way of a motion pursuant to CPL article 440 (*see generally People v Ross*, 118 AD3d 1413, 1416, *lv denied* 24 NY3d 964; *People v Snitzel*, 270 AD2d 836, 836-837, *lv denied* 95 NY2d 804).

Entered:  June 19, 2015                    Frances E. Cafarell
                                           Clerk of the Court