People v Love (2020 NY Slip Op 00784)





People v Love


2020 NY Slip Op 00784


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1287 KA 17-01542

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD LOVE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Robert L. Bauer, A.J.), rendered April 19, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a forged instrument in the second degree (two counts), criminal possession of stolen property in the fifth degree (two counts), attempted petit larceny and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of, inter alia, two counts of criminal possession of a forged instrument in the second degree (Penal Law
§ 170.25). Contrary to defendant's contention, his waiver of the right to appeal is valid inasmuch as County Court informed defendant, before he entered his plea, that the waiver would be a condition of the plea (cf. People v Blackwell, 129 AD3d 1690, 1690 [4th Dept 2015], lv denied 26 NY3d 926 [2015]), and the court assured itself "prior to the completion of the plea proceeding . . . that defendant adequately understood the right that [defendant] was forgoing" (People v Bradshaw, 18 NY3d 257, 265 [2011]).
Although defendant's contention that his plea "was coerced by statements made by the court . . . survives even a valid waiver of the right to appeal' " (People v Bellamy, 170 AD3d 1652, 1653 [4th Dept 2019]; see People v Boyde, 122 AD3d 1302, 1302 [4th Dept 2014]; People v Gast, 114 AD3d 1270, 1270 [4th Dept 2014], lv denied 22 NY3d 1198 [2014]), that contention is not preserved for our review "because [defendant] failed to move to withdraw his plea or vacate the judgment of conviction" (Bellamy, 170 AD3d at 1653; see Gast, 114 AD3d at 1270). We decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that his decision to enter the plea near the end of the jury trial "was largely impacted by the court's refusal to allow him to get a new attorney" in the middle of his trial. We thus conclude that defendant's contention that the court erred in refusing his request to grant a mistrial in order for him to retain a new attorney is not foreclosed by the valid waiver of the right to appeal or forfeited by his plea (see People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]; People v Booker, 133 AD3d 1326, 1327 [4th Dept 2015], lv denied 27 NY3d 1149 [2016]; cf. People v Barr, 169 AD3d 1427, 1427 [4th Dept 2019], lv denied 33 NY3d 1028 [2019]). Although defendant's contention was not properly preserved for our review (see People v Hobart, 286 AD2d 916, 916 [4th Dept 2001], lv denied 97 NY2d 683 [2001]), we nevertheless exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). In our view, defendant's contention lacks merit. We conclude that, " [a]t most, defendant's allegations evinced disagreements with counsel over strategy . . . , which were not sufficient grounds for substitution' " (People v Larkins, 128 AD3d 1436, 1440 [4th [*2]Dept 2015], lv denied 27 NY3d 1001 [2016]; see People v Chess, 162 AD3d 1577, 1579 [4th Dept 2018]; see generally People v Linares, 2 NY3d 507, 511-512 [2004]).
Defendant further contends that he was penalized for asserting his right to a trial. Although that contention is not precluded by the valid waiver of the right to appeal (see People v Povoski, 55 AD3d 1221, 1222 [4th Dept 2008], lv denied 11 NY3d 929 [2009]), defendant failed to preserve that contention for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Green, 35 AD3d 1211, 1211 [4th Dept 2006], lv denied 8 NY3d 985 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Defendant's final contention is that the bargained-for sentence is unduly harsh and severe. We do not address that contention inasmuch as defendant, by "waiving the right to appeal in connection with a negotiated plea and sentence," has "relinquish[ed] the right to invoke" this Court's interest of justice jurisdiction to modify that sentence (People v Lopez, 6 NY3d 248, 255 [2006]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court