People v Cromie (2020 NY Slip Op 05647)





People v Cromie


2020 NY Slip Op 05647


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


662 KA 18-01093

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN CROMIE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered March 12, 2018. The judgment convicted defendant upon a plea of guilty of possessing a sexual performance by a child (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of five counts of possessing a sexual performance by a child (Penal Law § 263.16). We reject defendant's contention that his waiver of the right to appeal is invalid. Contrary to defendant's contention, County Court's oral colloquy amply established that the right to appeal was "separate and distinct" from those rights automatically forfeited by pleading guilty (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bryant, 28 NY3d 1094, 1096 [2016]) and did not "utterly mischaracterize[] the nature of the right . . . defendant was being asked to cede" (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US — [Mar. 30, 2020] [internal quotation marks omitted]). Indeed, we note with approval the court's reliance on the Model Colloquy, which "neatly synthesizes . . . the governing principles" regarding the waiver of the right to appeal (id. at 567; see NY Model Colloquies, Waiver of Right to Appeal). Additionally, the court informed defendant, before he entered his plea, "that the waiver would be a condition of the plea, and . . . the court assured itself prior to the completion of the plea proceeding . . . that defendant adequately understood the right that [he] was forgoing" (People v Love, 179 AD3d 1541, 1542 [4th Dept 2020], lv denied 35 NY3d 994 [2020] [internal quotation marks omitted]; see generally People v Bradshaw, 18 NY3d 257, 264-265 [2011]).
Defendant's valid waiver of the right to appeal encompasses his
challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court