People v Cafarelli (2021 NY Slip Op 02642)





People v Cafarelli


2021 NY Slip Op 02642


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, AND DEJOSEPH, JJ.


345 KA 19-01577

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH A. CAFARELLI, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered August 18, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We affirm.
Defendant contends that the plea should be vacated on the ground that the plea colloquy was factually insufficient because it undermined his admission of guilt and on the ground that his decision to plead guilty was not voluntary. Defendant failed, however, to preserve that contention for our review (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Sheppard, 154 AD3d 1329, 1329 [4th Dept 2017]; People v Brinson, 130 AD3d 1493, 1493 [4th Dept 2015], lv denied 26 NY3d 965 [2015]), and this case does not fall within the narrow exception to the preservation requirement. To the extent that defendant negated an essential element of the crime during the plea colloquy when he denied intending to sell the drugs found in his possession (see People v Lopez, 71 NY2d 662, 666 [1988]), we note that County Court immediately conducted the requisite further inquiry to ensure that defendant's guilty plea was knowing, intelligent, and voluntary (see id.; People v Rojas, 147 AD3d 1535, 1536 [4th Dept 2017], lv denied 29 NY3d 1036 [2017]; People v Waterman, 229 AD2d 1013, 1013 [4th Dept 1996]). We conclude that "defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt" (People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017] [internal quotation marks omitted]; see People v Bonacci, 119 AD3d 1348, 1349 [4th Dept 2014], lv denied 24 NY3d 1042 [2014]; People v Ocasio, 265 AD2d 675, 677-678 [3d Dept 1999]).
We also conclude that defendant was not deprived of effective assistance of counsel. " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Singletary, 51 AD3d 1334, 1335 [3d Dept 2008], lv denied 11 NY3d 741 [2008]). Here, defendant received a very favorable plea, and he has not demonstrated "the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings at the plea colloquy (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]; People v Meddaugh, 150 AD3d 1545, 1547-1548 [3d Dept 2017]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court