People v Sapp (2022 NY Slip Op 06367)

People v Sapp

2022 NY Slip Op 06367

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

782 KA 21-00609

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FREDDY L. SAPP, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered January 28, 2021. The judgment convicted defendant upon his plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law
§ 120.05 [1]). We reject defendant's contention that he did not validly waive the right to appeal. Contrary to defendant's contention, County Court's colloquy established that the right to appeal was "separate and distinct" from those rights automatically forfeited by pleading guilty (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Cromie, 187 AD3d 1659, 1659 [4th Dept 2020], lv denied 36 NY3d 971 [2020]) and did not "utterly mischaracterize[] the nature of the right . . . defendant was being asked to cede" (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020] [internal quotation marks omitted]; see Cromie, 187 AD3d at 1659). Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; Cromie, 187 AD3d at 1660).
Although defendant's further contention that his plea was not knowingly, voluntarily, and intelligently entered survives his valid waiver of the right to appeal (see People v Woods, 126 AD3d 1543, 1543 [4th Dept 2015], lv denied 27 NY3d 970 [2016]), defendant failed to preserve that contention for our review by moving to withdraw his plea or to vacate the judgment of conviction (see People v Guantero, 100
AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court