People v Wilson (2023 NY Slip Op 03629)

People v Wilson

2023 NY Slip Op 03629

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

467 KA 21-01124

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL WILSON, SR., DEFENDANT-APPELLANT. 

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered December 15, 2020. The judgment convicted defendant upon a plea of guilty of assault in the first degree, attempted assault in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law
§ 120.10 [3]), attempted assault in the second degree (§§ 110.00, 120.05 [9]), and endangering the welfare of a child (§ 260.10 [1]).
We reject defendant's contention that his waiver of the right to appeal is invalid. County Court's oral colloquy amply established that the right to appeal was "separate and distinct" from those rights automatically forfeited by pleading guilty (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Cromie, 187 AD3d 1659, 1659 [4th Dept 2020]) and did not "utterly mischaracterize[ ] the nature of the right . . . defendant was being asked to cede" (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020] [internal quotation marks omitted]). Indeed, we note with approval the court's reliance on the Model Colloquy, which "neatly synthesizes . . . the governing principles" regarding the waiver of the right to appeal (id. at 567; see NY Model Colloquies, Waiver of Right to Appeal). In addition, the court informed defendant, before he entered his plea, that any challenge to the severity of his sentence would be encompassed by the waiver of his right to appeal, while clarifying that the legality of the sentence could still be challenged on appeal. Thus, "all the relevant circumstances reveal a knowing and voluntary waiver" (Thomas, 34 NY3d at 563).
Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court