People v Shaw (2023 NY Slip Op 06644)

People v Shaw

2023 NY Slip Op 06644

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

909 KA 16-00372

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TOMIAS SHAW, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TOMIAS SHAW, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 1, 2016. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree and criminal possession of a controlled substance in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a controlled substance in the first degree (§ 220.21 [1]). In his main brief, defendant contends that his plea to manslaughter in the first degree was not voluntarily, knowingly, and intelligently entered because he negated an element of that offense during the colloquy and that he was coerced into pleading guilty on both counts. Inasmuch as defendant's challenges to the voluntariness of the plea would survive even a valid waiver of the right to appeal (see People v Cunningham, 213 AD3d 1270, 1271 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Sapp, 210 AD3d 1431, 1432 [4th Dept 2022], lv denied 39 NY3d 1075 [2023]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]), we need not address the validity of the waiver of the right to appeal, which defendant does not challenge on appeal (see People v Morseman, 199 AD3d 1475, 1475 [4th Dept 2021]).
We agree with defendant that his initial statements during the plea colloquy negated an essential element of manslaughter in the first degree, i.e., intent to cause serious physical injury (see People v Hill, 16 NY3d 811, 814 [2011]). The record shows, however, that there was the requisite further inquiry to ensure that defendant's guilty plea was knowing, intelligent, and voluntary (see People v Thompson, 206 AD3d 1628, 1629 [4th Dept 2022], lv denied 38 NY3d 1153 [2022]; People v Cafarelli, 193 AD3d 1350, 1350-1351 [4th Dept 2021], lv denied 37 NY3d 990 [2021]; People v Granger, 96 AD3d 1667, 1667-1668 [4th Dept 2012], lv denied 19 NY3d 1102 [2012]). Defendant's responses upon further questioning removed any doubt about his guilt (see Cafarelli, 193 AD3d at 1351; People v Trinidad, 23 AD3d 1060, 1061 [4th Dept 2005], lv denied 6 NY3d 760 [2005]). Inasmuch as the plea to manslaughter in the first degree was voluntarily made, we reject defendant's further contention in his main brief that the plea to criminal possession of a controlled substance in the first degree must be vacated on the ground that the plea was based on the promise that he would receive a concurrent sentence as part of the plea bargain (see generally People v Williams, 17 NY3d 834, 836 [2011]; People v Richardson, 132 AD3d 1313, 1316 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]).
Defendant next challenges the voluntariness of the plea on the ground that he was coerced into entering it by the fact that the guilty plea of the codefendant, who was his girlfriend and the mother of his child, was conditioned on him pleading guilty. We reject that contention. "[S]o [*2]long as the plea agreement is voluntarily, knowingly and intelligently made, the fact that it is linked to the prosecutor's acceptance of a plea bargain favorable to a third person does not, by itself, make defendant's plea illegal" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). Although "connected pleas can present concerns which require special care, particularly where leniency in a promised sentence for a loved one is part of the bargain," the inclusion of a third-party benefit is just one factor to consider in determining whether a plea was voluntarily, knowingly, and intelligently made (id. at 545).
During the plea colloquy, defendant indicated that he understood that part of the plea bargain was "how they are going to deal" with the codefendant. The plea colloquy shows, however, that the plea was made knowingly, intelligently, and voluntarily. Defendant stated that he had enough time to consider the plea, that no promises were made to him other than the sentence, that no one threatened him or forced him to accept the plea, and that he was pleading guilty of his own free will. Thus, his claim of coercion is belied by the statements he made during the plea proceeding (see generally People v Griffin, 204 AD3d 1385, 1386 [4th Dept 2022]; People v Garcia, 203 AD3d 1585, 1586 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]).
Defendant further contends in his main brief that he was denied effective assistance of counsel. To the extent that defendant's contention survives his plea (see Cunningham, 213 AD3d at 1271; People v Williams, 210 AD3d 1507, 1507-1508 [4th Dept 2022], lv denied 39 NY3d 1081 [2023]; People v Clark, 191 AD3d 1471, 1472-1473 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]), we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant received a favorable plea and has not demonstrated "the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (People v Rivera, 71 NY2d 705, 709 [1988]). Indeed, the record shows that defendant made a strategic decision to accept the plea offer before County Court issued a ruling on various requests for relief, including suppression of items seized pursuant to a search warrant (see Granger, 96 AD3d at 1668; People v Lewis, 116 AD2d 778, 779 [3d Dept 1986], lv denied 67 NY2d 885 [1986]).
We have reviewed defendant's contentions in his pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court