People v Edmonds (2024 NY Slip Op 03985)

People v Edmonds

2024 NY Slip Op 03985

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

467 KA 20-00388

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUINTON J. EDMONDS, ALSO KNOWN AS QUINTON EDMONDS, ALSO KNOWN AS QUINTEN J. EDMONDS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BHAGYASHREE GUPTE OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered February 19, 2020. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law
§ 125.25 [1]). We affirm.
As a preliminary matter, to the extent that the pro se notice of appeal states that defendant is appealing from the sentence only, rather than the entire judgment, we exercise our discretion in the interest of justice to treat the appeal as validly taken from the judgment (see CPL 460.10 [6]; People v Burney, 204 AD3d 1473, 1474 [4th Dept 2022]).
Defendant contends that his plea was involuntary because his statements at sentencing negated an essential element of the crime and raised the possibility of an intoxication defense, and County Court failed to conduct a further inquiry to ensure that the plea was voluntary. Although defendant retains the right to appellate review of his challenge to the voluntariness of the plea regardless of the validity of his waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), that challenge is not preserved for our review because defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Cunningham, 213 AD3d 1270, 1271 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Tapia, 158 AD3d 1079, 1080 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]; People v Wilson, 59 AD3d 975, 975 [4th Dept 2009], lv denied 12 NY3d 861 [2009]). The narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply in this case. Defendant said "[n]othing . . . during the plea colloquy itself" that negated an element of the pleaded-to crime or otherwise called into doubt the voluntariness of his plea (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see Cunningham, 213 AD3d at 1271), and the court therefore had no duty to conduct further inquiry with respect to the plea (see Lopez, 71 NY2d at 666). Contrary to defendant's assertion, we reiterate that "a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's voluntariness 'based upon comments made by [the] defendant during . . . sentencing' " (People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; see Mobayed, 158 AD3d at 1223). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant's further contention and the People's incorrect concession (see People v Berrios, 28 NY2d 361, 366-367 [1971]; People v Morrison, 179 AD3d 1454, 1455 [4th Dept 2020], lv denied 35 NY3d 972 [2020]), the record establishes that defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Giles, 219 AD3d 1706, 1706-1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; Morrison, 179 AD3d at 1455; see generally Thomas, 34 NY3d at 559-564; People v Lopez, 6 NY3d 248, 256 [2006]).
We note at the outset that the court used the appropriate model colloquy with respect to the waiver of the right to appeal (see NY Model Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 567; Giles, 219 AD3d at 1706; People v Osgood, 210 AD3d 1426, 1427 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). Contrary to defendant's assertion, the court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting Lopez, 6 NY3d at 256; see Giles, 219 AD3d at 1706). Contrary to defendant's additional assertion, the court did not mischaracterize the appeal waiver as "an absolute bar to the taking of a first-tier direct appeal" (Thomas, 34 NY3d at 558; see e.g. People v Wilson, 217 AD3d 1561, 1562 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]; People v Cromie, 187 AD3d 1659, 1659 [4th Dept 2020], lv denied 36 NY3d 971 [2020]). Instead, the court appropriately followed the model colloquy by explaining that defendant retained the right to take an appeal, but that his conviction and sentence "would normally be final" because he was giving up the right to appellate review of "most . . . claims of error," including the severity of the sentence, except for "a number of limited claims" that would survive the appeal waiver, such as the voluntariness of the plea, the validity of the appeal waiver, the legality of the sentence, the jurisdiction of the court, defendant's competency to stand trial, and the constitutional right to a speedy trial (see Thomas, 34 NY3d at 567; People v Jackson, 198 AD3d 1317, 1318 [4th Dept 2021], lv denied 37 NY3d 1096 [2021]). Contrary to defendant's related assertion, his "waiver [of the right to appeal] is not invalid on the ground that the court did not specifically inform [him during the oral colloquy] that his general waiver of the right to appeal encompassed the court's suppression ruling[ ]" (People v Babagana, 176 AD3d 1627, 1627 [4th Dept 2019], lv denied 34 NY3d 1075 [2019] [internal quotation marks omitted]; see People v Kemp, 94 NY2d 831, 833 [1999]; People v Johnson, 183 AD3d 1256, 1256 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]).
Additionally, the court's oral colloquy was supplemented by a detailed written waiver that, among other things, accurately explained the rights waived and retained as a result of the waiver and, in doing so, used the phrase "waiver of the right to raise issues on appeal," thereby employing language that "more precisely" reflected that the waiver merely represented "a narrowing of the issues for appellate review" (Thomas, 34 NY3d at 559). The written waiver specifically informed defendant that he was waiving appellate review of the court's suppression ruling about witness identifications of him (see People v Williams, 36 NY2d 829, 830 [1975], cert denied 423 US 873 [1975]; People v Correa, 149 AD2d 909, 909 [4th Dept 1989]). Contrary to defendant's assertion, the record establishes that the court "ascertained that defendant had reviewed the written waiver with his attorney, that he understood it, and that he had no questions for his attorney or the court" with respect to it (People v Johnson, 125 AD3d 1419, 1420 [4th Dept 2015], lv denied 26 NY3d 1089 [2015]; see People v Gebreyesus, 133 AD3d 1365, 1366 [4th Dept 2015], lv denied 27 NY3d 997 [2016]; cf. People v Bradshaw, 18 NY3d 257, 262 [2011]; see generally People v Ramos, 7 NY3d 737, 738 [2006]).
In light of the foregoing, we conclude that "all the relevant circumstances reveal a knowing and voluntary waiver" (Thomas, 34 NY3d at 563; see Wilson, 217 AD3d at 1562). Defendant's valid waiver of the right to appeal encompasses his challenges to the court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; Kemp, 94 NY2d at 833) and to the severity of his sentence (see Lopez, 6 NY3d at 255-256).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court