People v Moore (2025 NY Slip Op 01492)

People v Moore

2025 NY Slip Op 01492

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

146 KA 18-01860

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOMINICK MOORE, DEFENDANT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT. 
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 9, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). As defendant contends and the People correctly concede, defendant's purported waiver of the right to appeal is invalid inasmuch as both the signed written waiver of the right to appeal and the oral waiver colloquy mischaracterized the nature of the right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Irwin, 232 AD3d 1251, 1251 [4th Dept 2024]; People v Cossette, 199 AD3d 1397, 1398 [4th Dept 2021], lv denied 37 NY3d 1160 [2022]). Contrary to defendant's further contention, however, the invalidity of the waiver of the right to appeal does not undermine the voluntariness of his guilty plea (see People v Blackwell, 129 AD3d 1690, 1690 [4th Dept 2015], lv denied 26 NY3d 926 [2015]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court