People v Thomas (2025 NY Slip Op 02485)

People v Thomas

2025 NY Slip Op 02485

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

275 KA 21-01381

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALFRED J. THOMAS, DEFENDANT-APPELLANT. 

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered September 10, 2021. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]). Defendant contends that he did not validly waive his right to appeal because County Court, despite mentioning and receiving acknowledgment from defendant prior to entry of the plea that the waiver of the right to appeal would be a condition of the plea bargain, did not engage in the appeal waiver colloquy during the plea proceeding until after defendant had pleaded guilty. We reject that contention.
"A waiver of the right to appeal is not effective where . . . it '[is] not mentioned until after [the] defendant plead[s] guilty' " (People v Weir, 174 AD3d 1465, 1466 [4th Dept 2019], lv denied 34 NY3d 1020 [2019]; see People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]; People v Blackwell, 129 AD3d 1690, 1690 [4th Dept 2015], lv denied 26 NY3d 926 [2015]). By contrast, a waiver of the right to appeal is valid where the court informs the defendant, before entering the plea, that the waiver will be a condition of the plea bargain, and the court assures itself "prior to the completion of the plea proceeding . . . that [the] defendant adequately understood the right that [the defendant] was forgoing" (People v Bradshaw, 18 NY3d 257, 265 [2011]; see People v Cromie, 187 AD3d 1659, 1659-1660 [4th Dept 2020], lv denied 36 NY3d 971 [2020]; People v Love, 179 AD3d 1541, 1542 [4th Dept 2020], lv denied 35 NY3d 994 [2020]; cf. Willis, 161 AD3d at 1584; Blackwell, 129 AD3d at 1690; see also People v Bryant, 28 NY3d 1094, 1095-1096 [2016]).
Here, the record establishes that the court informed defendant, before he entered his plea, that the waiver would be a condition of the plea (see People v Vandusen, 235 AD3d 1254, 1255 [4th Dept 2025]; Cromie, 187 AD3d at 1659; Love, 179 AD3d at 1542; People v Rohadfox, 175 AD3d 1813, 1814 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]). The record also establishes that the court assured itself "prior to the completion of the plea proceeding . . . that defendant adequately understood the right that he was forgoing" (Bradshaw, 18 NY3d at 265; see Bryant, 28 NY3d at 1095-1096; Cromie, 187 AD3d at 1659-1660; Love, 179 AD3d at 1542). Indeed, as defendant correctly concedes, the court used the appropriate model colloquy with respect to the waiver of the right to appeal (see NY Model Colloquies, Waiver of Right to Appeal; see generally People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Figueroa, 230 AD3d 1581, 1582-1583 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]; People v Edmonds, 229 AD3d 1275, 1276-1277 [4th Dept 2024], lv denied 43 NY3d 930 [2025]; Cromie, 187 AD3d at 1659). Contrary to defendant's further suggestion, " '[t]he fact that the appeal waiver was not reduced to writing is of no moment where, as here, [*2]the oral waiver was adequate' " (Rohadfox, 175 AD3d at 1814; see People v Lopez, 6 NY3d 248, 257 [2006]).
We conclude that defendant's waiver of the right to appeal forecloses our review of his challenge to the court's adverse suppression ruling (see Thomas, 34 NY3d at 564-565; People v Sanders, 25 NY3d 337, 342 [2015]; People v Kemp, 94 NY2d 831, 833 [1999]; Rohadfox, 175 AD3d at 1814).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court