People v Burgess (2026 NY Slip Op 01892)

People v Burgess

2026 NY Slip Op 01892

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, OGDEN, AND DELCONTE,
JJ.

175 KA 23-00791

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vERNEST T. BURGESS, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M.
STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H.
SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.),
rendered April 19, 2023. The judgment convicted defendant, upon a plea of guilty, of
criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of
guilty, of two counts of criminal possession of a weapon in the second degree (Penal Law
§ 265.03 [3]). Inasmuch as defendant's contention that he was denied effective
assistance of counsel, i.e., his sole substantive contention on appeal, would survive even a
valid waiver of the right to appeal to the same extent that such contention survives his
plea, we need not address the validity of the waiver of the right to appeal (see People v Shaw, 222 AD3d
1401, 1401, 1403 [4th Dept 2023], lv denied 42 NY3d 930 [2024]).
Defendant's contention survives his plea "only insofar as he demonstrates that the plea
bargaining process was infected by [the] allegedly ineffective assistance or that [he]
entered the plea because of [his] attorney['s] allegedly poor performance" (People v Miller, 161 AD3d
1579, 1580 [4th Dept 2018], lv denied 31 NY3d 1119 [2018] [internal
quotation marks omitted]). To the extent that defendant's contention survives his plea, we
conclude that defendant received meaningful representation (see Shaw, 222
AD3d at 1403; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant received a favorable plea under which he procured the minimum sentence in
light of his status as a second violent felony offender (see Penal Law
§§ 70.04 [2], [3] [b]; 70.45 [2]), and defendant has not demonstrated "the
absence of strategic or other legitimate explanations" for defense counsel's alleged
shortcomings (People v Rivera, 71 NY2d 705, 709 [1988]; see Shaw, 222
AD3d at 1403). Indeed, the record establishes that defendant, after consulting with
defense counsel about the terms of the plea offer and the likelihood of success on that part
of his omnibus motion seeking to suppress evidence, made a strategic decision to forgo a
suppression hearing and accept the plea offer in order to secure County Court's sentencing
promise (see Shaw, 222 AD3d at 1403; People v Granger, 96 AD3d 1667, 1668 [4th Dept 2012],
lv denied 19 NY3d 1102 [2012]). We thus conclude that defendant was afforded
meaningful representation inasmuch as he "receive[d] an advantageous plea and nothing
in the record casts doubt on the apparent effectiveness of counsel" (People v
Ford, 86 NY2d 397, 404 [1995]; see People v Phillips, 221 AD3d 1501, 1502 [4th Dept
2023], lv denied 41 NY3d 966 [2024]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court