People v Cole
2026 NY Slip Op 03533
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WESLEY A. COLE, JR., DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
252 KA 24-01364
Present: Montour, J.P., Ogden, Greenwood, Nowak, And Hannah, JJ.

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (RICHARD SULLIVAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Yates County (Jason L. Cook, J.), rendered April 2, 2024. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal contempt in the first degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal contempt in the first degree (§ 215.51 [b] [ii]). We affirm.
Contrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Romanchik, 242 AD3d 1624, 1625-1626 [4th Dept 2025]; People v Cummings, 240 AD3d 1207, 1207 [4th Dept 2025], lv denied 44 NY3d 1051 [2025]; People v Hoose, 236 AD3d 1294, 1295-1296 [4th Dept 2025], lv denied 44 NY3d 993 [2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied 589 US 1302 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). Supreme Court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting Lopez, 6 NY3d at 256; see Romanchik, 242 AD3d at 1625). The court also confirmed defendant's understanding that the waiver was "not an absolute bar to the taking of a first-tier direct appeal" (Thomas, 34 NY3d at 558; see Romanchik, 242 AD3d at 1625). Indeed, as defendant correctly concedes, the court "followed the model colloquy nearly verbatim" (People v Figueroa, 230 AD3d 1581, 1582 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]; see NY Model Colloquies, Waiver of Right to Appeal; see also Romanchik, 242 AD3d at 1625; Hoose, 236 AD3d at 1295). Defendant also executed a written waiver, and the record establishes that the court ascertained that defendant, "before signing the written waiver form, had reviewed the contents thereof with [his] attorney and understood the appellate rights [he] was giving up as a result of the waiver" (People v Correia, 240 AD3d 1440, 1441-1442 [4th Dept 2025], lv denied 44 NY3d 992 [2025]; see People v Edmonds, 229 AD3d 1275, 1277 [4th Dept 2024], lv denied 43 NY3d 930 [2025]).
Defendant nonetheless asserts that he did not knowingly and intelligently waive his right to appeal because the court was required, and failed, to provide a more detailed explanation to ensure that he understood the distinction between a severity of sentence claim, which is waivable, and a legality of sentence claim, which is nonwaivable. We conclude that defendant's assertion lacks merit. " '[A] trial court need not engage in any particular litany' or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver"; rather, "a trial court 'must make certain that a defendant's understanding' of the waiver, along with the other 'terms and conditions of a plea agreement is evident on the face of the record' " (People v Bradshaw, 18 NY3d 257, 265 [2011], quoting Lopez, 6 NY3d at 256). Here, in [*2]eliciting defendant's understanding during the oral colloquy, which, as noted above, generally followed the model colloquy, the court appropriately explained and distinguished a waivable severity of sentence claim and a nonwaivable legality of sentence claim inasmuch as it clarified that defendant was giving up the right to appellate review of a claim that "the sentence imposed was harsh or excessive," which would thereby normally render the sentence final, and thereafter contrasted the typical finality of the sentence in that regard with a claim that the sentence was illegal, which could still be reviewed on appeal (see People v Wilson, 217 AD3d 1561, 1562 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]; cf. People v Risco, 165 AD3d 703, 704 [2d Dept 2018], lv denied 32 NY3d 1114 [2018]). Contrary to defendant's further assertion, the record establishes that he received consideration in exchange for the waiver inasmuch as the plea agreement, which included the waiver among its negotiated terms, resulted in defendant pleading guilty to two counts of the indictment in full satisfaction of all charges therein, and defendant received a sentencing promise (see People v Campbell, 244 AD3d 1826, 1828-1829 [4th Dept 2025]; People v Allen, 174 AD3d 1456, 1456 [4th Dept 2019], lv denied 34 NY3d 978 [2019]; cf. People v Gramza, 140 AD3d 1643, 1643-1644 [4th Dept 2016], lv denied 28 NY3d 930 [2016]).
In sum, we conclude that the court's "oral colloquy, specifically its inquiry of [defendant] and resulting assurances that he had ample opportunity to discuss with counsel the meaning of the waiver and appellate rights he was surrendering," together with the written waiver, "was sufficient to support a knowing and voluntary waiver under the totality of the circumstances" (Thomas, 34 NY3d at 564; see Cummings, 240 AD3d at 1207; People v Jones, 239 AD3d 1475, 1476 [4th Dept 2025]). That valid waiver forecloses appellate review of defendant's challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; People v Seaberg, 74 NY2d 1, 9-10 [1989]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court