# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

154
KA 10-02424
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

VICTORIA L. CONNORS, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered November 10, 2010. The judgment convicted defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). To the extent that defendant's contention that she was denied effective assistance of counsel survives her plea of guilty, we conclude that it is without merit (see People v Garner, 86 AD3d 955, 956). Defendant received an advantageous plea, and "nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404).

We also reject defendant's contention that County Court abused its discretion in failing sua sponte to order an examination pursuant to CPL 730.30 (1) in light of her history of mental illness and her psychiatric hospitalization for suicidal ideation. It is well established that a defendant is presumed to be competent and that a "history of psychiatric illness does not in itself call into question defendant's competence to stand trial" (People v Tortorici, 92 NY2d 757, 765, cert denied 528 US 834). Defendant was represented by two attorneys during the course of the proceedings, who were " 'in the best position to assess defendant's capacity and request an examination,' " and neither of them did so (People v Chicherchia, 86 AD3d 953, 954), despite the fact that the court asked the first attorney whether an examination should be conducted while defendant was hospitalized. The court had the opportunity to observe defendant

at the time of her arraignment and during the joint plea-sentencing proceedings, at which time the court questioned defendant regarding her treatment and her understanding of the proceedings. Defendant informed the court that the medication she was taking helped her condition, that it did not impair her ability to understand the proceedings, and that she understood that the decision to plead guilty was her own. We therefore conclude that the court, as well as defendant's own attorneys, had an adequate opportunity to assess her competency.

Defendant contends for the first time on appeal that the court improperly ordered her to pay restitution to a law enforcement agency for buy money without an affidavit attesting, inter alia, that the funds were expended in the actual purchase of a controlled substance, as required by Penal Law § 60.27 (9) (*see People v Diallo*, 88 AD3d 1152, 1153), and thus her contention is not preserved for our review (*see* CPL 470.05 [2]). In any event, defendant agreed to the amount of restitution as a condition of her plea, and she therefore is deemed to have waived her contention (*see People v Farewell* [appeal No. 1], 90 AD3d 1502). Finally, defendant has served the imprisonment portion of her sentence, and we conclude that the imposition of two years of postrelease supervision is not unduly harsh or severe.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court