### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 19, 2015                    106782
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ADAM J. ROBINSON,
                        Appellant.
_____

Calendar Date:   October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

_____

        Torrance L. Schmitz, Vestal, for appellant.

        Gwen Wilkinson, District Attorney, Ithaca (Wendy L.
Franklin of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from an order of the County Court of Tompkins County
(Ames, J.), entered October 24, 2013, which set the amount of
restitution owed by defendant.

        Defendant pleaded guilty to criminal contempt in the first
degree stemming from his violation of an order of protection
entered against him and waived his right to appeal.  Defendant
was sentenced in accordance with the plea agreement to six months
in jail and five years of probation.  Defendant disputed the
request for restitution and, following a hearing, County Court
ordered defendant to pay restitution in the amount of $2,575.20.
Defendant appeals from the order of restitution.

We affirm.  Initially, we note that, although the plea agreement contemplated restitution, defendant's challenge to the restitution is not precluded by the waiver of the right to appeal inasmuch as the amount was not specified until after a hearing (see People v Gardner, 129 AD3d 1386, 1386 [2015]; People v Spears, 78 AD3d 1380, 1380-1381 [2010]).  Furthermore, we are unpersuaded by defendant's contention that County Court abused its discretion in denying defense counsel's request for an adjournment inasmuch as the record establishes that defendant failed to appear at the hearing or maintain contact with defense counsel, despite being informed of the hearing date (see People v Ruffin, 56 AD3d 892, 893 [2008]; People v Herring, 227 AD2d 658, 650 [1996], lv denied 88 NY2d 986 [1996]).

Turning to the merits, we find no reason to disturb the amount of restitution ordered.  It is the People's burden to establish, by a preponderance of the evidence, the victim's out-of-pocket lose caused by the offense (see Penal Law § 60.27 [2]; CPL 400.30 [4]; People v Tzitzikalakis, 8 NY3d 217, 222 [2007]).  Here, the employer testified that the victim was discharged from her employment because of the volatile situations caused by defendant, which resulted in police presence at her place of employment.  Absent such incidents, the victim's employment would not have been terminated.  Furthermore, the record establishes that the victim was hired to work 29 hours per week at a rate of $7.40 per hour and that, following her discharge, she was unable, despite her efforts, to find employment for 12 weeks.  In view of the foregoing, we find no reason to disturb County Court's finding that the victim's lost wages were a direct consequence of defendant's conduct and that the restitution owed to the victim was reasonable (see People v Stevens, 84 AD3d 1424, 1427 [2011], lv denied 17 NY3d 822 [2011]; People v Periard, 15 AD3d 693, 694 [2005]).

McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court