People v Barr (2021 NY Slip Op 01653)





People v Barr


2021 NY Slip Op 01653


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


994 KA 18-01614

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY L. BARR, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered August 13, 2018. The judgment convicted defendant, upon a plea of guilty, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law
§ 120.10 [1]). Contrary to defendant's initial contention, the Court of Appeals has rejected the assertion that waivers of the right to appeal should be invalid per se (see People v Thomas, 34 NY3d 545, 557-558, 558 n 1 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Seaberg, 74 NY2d 1, 8-9 [1989]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of his sentence (see People v Viehdeffer, 189 AD3d 2143, 2144 [4th Dept 2020]; People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe. Furthermore, we conclude that County Court did not abuse its discretion in refusing to grant defendant youthful offender status (see People v Rice, 175 AD3d 1826, 1826 [4th Dept 2019], lv denied 34 NY3d 1132 [2020]; People v Macon, 169 AD3d 1439, 1440 [4th Dept 2019], lv denied 33 NY3d 978 [2019]), and we decline to exercise our discretion in the interest of justice to adjudicate defendant a youthful offender (see Rice, 175 AD3d at 1826).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court