People v Smith (2022 NY Slip Op 01638)





People v Smith


2022 NY Slip Op 01638


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


77 KA 20-00953

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TOREY SMITH, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.), rendered June 5, 2019. The judgment convicted defendant, upon a plea of guilty, of criminal sale of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Pursuant to the plea agreement, County Court sentenced defendant as a second felony offender to concurrent determinate terms of imprisonment of five years plus two years of postrelease supervision. The court also ordered defendant to pay restitution in the amount of $832.00.
Defendant initially contends, and the People correctly concede, that his waiver of the right to appeal is unenforceable because County Court mischaracterized it as an absolute bar to a direct appeal (see People v Thomas, 34 NY3d 545, 566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020]). Nevertheless, we reject defendant's contention that his negotiated sentence is unduly harsh and severe.
Finally, defendant contends that the restitution order must be vacated because the court did not require an affidavit pursuant to Penal Law § 60.27 (9). Because defendant's contention is raised for the first time on appeal, it is unpreserved for our review (see People v Dehoyos, 166 AD3d 1576, 1577 [4th Dept 2018], lv denied 33 NY3d 1068 [2019]). Moreover, inasmuch as defendant agreed to the amount of restitution as a condition of his plea, he is deemed to have waived his contention (see People v Connors, 91 AD3d 1340, 1342 [4th Dept
2012], lv denied 18 NY3d 956 [2012]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court