People v Hill (2022 NY Slip Op 04265)

People v Hill

2022 NY Slip Op 04265

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.

577 KA 20-00787

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HOWARD HILL, JR., DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.) rendered February 19, 2020. The judgment convicted defendant, upon a plea of guilty, of criminal sale of a controlled substance in the third degree and assault on a police officer. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and assault on a police officer (§ 120.08), defendant contends that his waiver of the right to appeal is unenforceable. We agree. The waiver is "unenforceable because County Court mischaracterized it as an absolute bar to a direct appeal" (People v Smith, 203 AD3d 1566, 1566 [4th Dept 2022], lv denied 38 NY3d 1010 [2022]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Martin, 202 AD3d 1445, 1445 [4th Dept 2022]). Because the court provided defendant with erroneous information about the scope of the waiver of the right to appeal and failed to identify that certain rights would survive the waiver, we conclude that the colloquy was insufficient to ensure that the waiver was knowingly and voluntarily made (see People v Clark, 191 AD3d 1471, 1472 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]; People v Crogan, 181 AD3d 1212, 1212-1213 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]; see generally Thomas, 34 NY3d at 564-567). Although we are thus not precluded from reviewing defendant's challenge to the severity of his sentence, we nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court