People v Giles (2023 NY Slip Op 04877)

People v Giles

2023 NY Slip Op 04877

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

689 KA 21-01272

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEVERT J. GILES, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered July 6, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that he did not validly waive his right to appeal. We reject that contention.
Here, the record establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Cunningham, 213 AD3d 1270, 1270 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]), and we note that County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see generally Thomas, 34 NY3d at 567; People v Osgood, 210 AD3d 1426, 1427 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). Contrary to defendant's assertion, the court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting Lopez, 6 NY3d at 256; see People v Slishevsky, 149 AD3d 1488, 1489 [4th Dept 2017], lv denied 29 NY3d 1086 [2017]). Defendant also asserts that he did not validly waive his right to appeal because the court listed several claims of error that would survive a valid waiver but failed to explain that the list was nonexhaustive and would also include any issue involving a right of a constitutional dimension that went to the very heart of the process. That assertion lacks merit. The record establishes that the court, following the model colloquy, explained that the listed issues were "[a]mong the limited number of claims" of error that would survive a valid waiver and, contrary to defendant's suggestion, "[n]o 'particular litany' is required for a waiver of the right to appeal to be valid" (People v Wood, 217 AD3d 1407, 1408 [4th Dept 2023], quoting Lopez, 6 NY3d at 256; see People v Parker, 151 AD3d 1876, 1876 [4th Dept 2017], lv denied 30 NY3d 982 [2017]). We thus conclude that defendant validly waived his right to appeal inasmuch as the record establishes that the court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Brackett, 174 AD3d 1542, 1542 [4th Dept 2019], lv denied 34 NY3d 949 [2019] [internal quotation marks omitted]).
Defendant's further contention that his plea was "not voluntarily entered because [he] provided only monosyllabic responses to [the court's] questions is actually a challenge to the factual sufficiency of the plea allocution" (People v Hendrix, 62 AD3d 1261, 1262 [4th Dept [*2]2009], lv denied 12 NY3d 925 [2009]), which is encompassed by the valid waiver of the right to appeal (see People v Alsaifullah, 162 AD3d 1483, 1485 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]). Defendant's valid waiver of the right to appeal also encompasses his challenges to the court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Kemp, 94 NY2d 831, 833 [1999]) and to the severity of his sentence (see Lopez, 6 NY3d at 255-256).
Finally, we note that the plea proceeding and the sentence reflect defendant's status as a second felony drug offender (Penal Law § 70.70 [1] [b]), and the record thus confirms that the court merely misstated during sentencing that defendant was a second felony offender rather than a second felony drug offender (see People v Bradley, 196 AD3d 1168, 1170-1171 [4th Dept 2021]; People v Feliciano, 108 AD3d 880, 881 n 1 [3d Dept 2013], lv denied 22 NY3d 1040 [2013]). Inasmuch as the uniform sentence and commitment form incorrectly reflects that defendant was sentenced as a second felony offender, it must be amended to reflect that he was sentenced as a second felony drug offender (see Bradley, 196 AD3d at 1171).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court