People v Hawkins (2024 NY Slip Op 00496)

People v Hawkins

2024 NY Slip Op 00496

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, AND DELCONTE, JJ.

18 KA 22-00429

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWRENCE HAWKINS, DEFENDANT-APPELLANT. 

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered June 22, 2021. The judgment convicted defendant upon his plea of guilty of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law
§§ 110.00, 120.10 [1]), defendant contends that his sentence is unduly harsh and severe and that the waiver of the right to appeal does not foreclose his challenge to the severity of his sentence. Here, the record establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Giles, 219 AD3d 1706, 1706 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]), and we note that County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see generally Thomas, 34 NY3d at 567; Giles, 219 AD3d at 1706; People v Osgood, 210 AD3d 1426, 1427 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). We thus conclude that defendant validly waived his right to appeal inasmuch as the record establishes that the court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (Giles, 219 AD3d at 1707 [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal precludes our review of his challenge to the severity of his sentence (see Lopez, 6 NY3d at 255).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court