People v Figueroa (2024 NY Slip Op 04691)

People v Figueroa

2024 NY Slip Op 04691

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

636 KA 20-01645

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NELSON E. FIGUEROA, JR., DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered November 24, 2020. The judgment convicted defendant upon a plea of guilty of predatory sexual assault against a child (two counts), sexual abuse in the first degree, and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part of the sentence awarding restitution and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of predatory sexual assault against a child (Penal Law former § 130.96), arising from defendant's repeated sexual abuse of his girlfriend's daughter (victim). Contrary to defendant's contention and the People's incorrect concession (see People v Berrios, 28 NY2d 361, 366-367 [1971]; People v Edmonds, 229 AD3d 1275, 1276 [4th Dept 2024]; People v Morrison, 179 AD3d 1454, 1455 [4th Dept 2020], lv denied 35 NY3d 972 [2020]), the record establishes that defendant knowingly, voluntarily, and intelligently waived his right to appeal (see Edmonds, 229 AD3d at 1276-1277; People v Giles, 219 AD3d 1706, 1706-1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). We note that County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see NY Model Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 567; Edmonds, 229 AD3d at 1277; Giles, 219 AD3d at 1706). Contrary to defendant's assertion, the court did not mischaracterize the appeal waiver as "an absolute bar to the taking of a first-tier direct appeal" (Thomas, 34 NY3d at 558; see Edmonds, 229 AD3d at 1277; see also People v Wilson, 217 AD3d 1561, 1562 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]; People v Cromie, 187 AD3d 1659, 1659 [4th Dept 2020], lv denied 36 NY3d 971 [2020]). Instead, the court followed the model colloquy nearly verbatim, explaining that defendant retained the right to take an appeal, but that his conviction and sentence would, "as a practical matter," "be final" because he was giving up the right to appellate review of "most claims of error," including claims regarding the severity of the sentence but excluding the "limited claims" that survive an appeal waiver, such as those relating to the voluntariness of the plea, the validity of the appeal waiver, and the legality of the sentence (see Thomas, 34 NY3d at 567; Edmonds, 229 AD3d at 1277; People v Jackson, 198 AD3d 1317, 1318 [4th Dept 2021], lv denied 37 NY3d 1096 [2021]). Contrary to defendant's further assertion, the record establishes that defense counsel had already "take[n] a few minutes" to discuss with defendant the appeal waiver required to obtain the court's sentencing commitment; the record also establishes that, upon an inquiry by the court consistent with the model colloquy, defendant confirmed that he had discussed waiving his right to appeal with defense counsel (see NY Model Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 560). Any deficiency by the court in ascertaining on the record defendant's understanding of the contents of the written waiver (see [*2]Thomas, 34 NY3d at 563, 566; People v Bradshaw, 18 NY3d 257, 266-267 [2011]; People v Callahan, 80 NY2d 273, 283 [1992]) is of no moment where, as here, the oral waiver was adequate (see Lopez, 6 NY3d at 257; People v Witherow, 203 AD3d 1595, 1595-1596 [4th Dept 2022]; People v Thomas, 178 AD3d 1461, 1461 [4th Dept 2019], lv denied 35 NY3d 945 [2020]; People v Smith, 164 AD3d 1621, 1621 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]).
In further seeking to invalidate the appeal waiver, defendant encourages us to apply the rule created by the Second Department that where, as here, the inclusion of the appeal waiver as part of a plea agreement is demanded by the court rather than the People, the appeal waiver is unenforceable if the court fails to sufficiently articulate the reasons for its demand (see People v Sutton, 184 AD3d 236, 244-245 [2d Dept 2020], lv denied 35 NY3d 1070 [2020]). We have "not adopted the Second Department's requirement that the court articulate a reason for requiring a[n appeal] waiver in a . . . plea proceeding" (People v Dilworth, 189 AD3d 636, 637 [1st Dept 2020], lv denied 36 NY3d 1096 [2021], reconsideration denied 37 NY3d 964 [2021]). In any event, the court here, unlike the court in Sutton, included the appeal waiver as a condition of the plea offer prior to accepting defendant's plea and articulated on the record that the appeal waiver was required in order for defendant to secure the benefit of the sentencing limitation promised by the court (see id.; see also People v Guerrero, 194 AD3d 1258, 1259 [3d Dept 2021], lv denied 37 NY3d 992 [2021]).
Defendant's valid waiver of the right to appeal precludes our review of his challenge to the severity of the incarceration component of his sentence (see Lopez, 6 NY3d at 255-256; Witherow, 203 AD3d at 1596).
Next, defendant challenges the court's imposition of restitution on the ground that the girlfriend's request therefor was not based on any actual out-of-pocket loss that qualifies as a valid basis for restitution. We note at the outset that defendant's challenge to the restitution component of his sentence survives his valid waiver of the right to appeal inasmuch as restitution was not included in the terms of the plea agreement (see Witherow, 203 AD3d at 1596; People v McBean, 192 AD3d 1706, 1707 [4th Dept 2021], lv denied 37 NY3d 958 [2021]; People v Rodriguez, 173 AD3d 1840, 1841 [4th Dept 2019], lv denied 34 NY3d 953 [2019]). We further note that defendant preserved his challenge for appellate review by objecting to the imposition of restitution on the same ground he now advances (see People v Richardson, 173 AD3d 1859, 1860-1861 [4th Dept 2019], lv denied 34 NY3d 953 [2019], reconsideration denied 34 NY3d 1081 [2019]).
The girlfriend requested restitution for the unpaid balance of rent for the house she had shared with defendant and for a bill for garbage and recycling collection that was not yet due. The People argued that the girlfriend was entitled to restitution for those expenses because, according to the girlfriend's statements, defendant's offenses caused the victim emotional and psychological harm and caused the girlfriend stress that resulted in serious health issues and several hospitalizations, all of which rendered her unable to work, thereby ultimately resulting in financial hardship and her inability to pay the claimed household expenses. The court, over defense counsel's objection that the claimed expenses were not directly caused by defendant's offenses, imposed the requested restitution. That was error.
"Penal Law § 60.27 (1) addresses the related concepts of restitution and reparation, allowing a court to order a defendant to 'make restitution of the fruits of [their] offense or reparation for the actual out-of-pocket loss caused thereby' " (People v Horne, 97 NY2d 404, 410 [2002]; see People v Connolly, 27 NY3d 355, 359 [2016]; Witherow, 203 AD3d at 1596). Restitution and reparation may be required for expenses that "were not voluntarily incurred, but stem from legal obligations that are directly and causally related to the crime" (People v Cruz, 81 NY2d 996, 998 [1993]; see People v Johnson, 125 AD3d 1419, 1421 [4th Dept 2015], lv denied 26 NY3d 1089 [2015]). Conversely, the statute "does not impose a duty on the defendant to pay for the costs associated [ ]with . . . expenses [that] are not directly caused by the defendant's crime" (People v Case, 214 AD3d 1379, 1381 [4th Dept 2023]).
Here, we conclude that the claimed expenses do not constitute "actual out-of-pocket loss caused" by defendant's offenses (Penal Law § 60.27 [1]) inasmuch as the girlfriend's unpaid rent and utility bill are costs "not directly caused by . . . defendant's crime[s]" (Case, 214 AD3d at 1381). Contrary to the People's assertion, the girlfriend's request did not constitute a claim for [*3]lost wages directly caused by defendant's offenses (cf. People v Robinson, 133
AD3d 1043, 1044 [3d Dept 2015], lv denied 27 NY3d 1154 [2016]). We therefore modify the judgment accordingly.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court