People v Rolfe (2024 NY Slip Op 05678)

People v Rolfe

2024 NY Slip Op 05678

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

656 KA 23-00553

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERELL E. ROLFE, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Karen M. Brandt Brown, J.), rendered March 10, 2022. The judgment convicted defendant upon his plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [a]), defendant contends that his sentence is unduly harsh and severe and that the waiver of the right to appeal does not foreclose his challenge to the severity of his sentence. Here, the record establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Giles, 219 AD3d 1706, 1706 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied
— US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]), and we note that County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see generally Thomas, 34 NY3d at 567; Giles, 219 AD3d at 1706; People v Osgood, 210 AD3d 1426, 1427 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). We thus conclude that defendant validly waived his right to appeal inasmuch as the record establishes that the court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (Giles, 219 AD3d at 1707 [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal precludes our review of his challenge to the severity of his sentence (see Lopez, 6 NY3d at 255).
Defendant contends for the first time on appeal that the court improperly ordered him to pay restitution to the victim in the absence of proof in the record to support the amount of restitution, and thus his contention is not preserved for our review (see CPL 470.05 [2]; People v Rodriguez, 173 AD3d 1840, 1841 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; People v Connors, 91 AD3d 1340, 1341-1342 [4th Dept 2012], lv denied 18 NY3d 956 [2012]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court