People v Mills (2024 NY Slip Op 05698)

People v Mills

2024 NY Slip Op 05698

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

715 KA 22-00597

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMY MILLS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. TRESMOND OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered March 11, 2022. The judgment convicted defendant upon a guilty plea of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and that the sentence is unduly harsh and severe. We conclude that the record establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Giles, 219 AD3d 1706, 1706 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]), and we note that Supreme Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see generally Thomas, 34 NY3d at 567; Giles, 219 AD3d at 1706; People v Osgood, 210 AD3d 1426, 1427 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). Here, the court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (Giles, 219 AD3d at 1707 [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal precludes our review of his challenge to the severity of his sentence (see Lopez, 6 NY3d at 255).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court