People v Alfonso (2025 NY Slip Op 02503)

People v Alfonso

2025 NY Slip Op 02503

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

363 KA 23-00063

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SANTIAGO ALFONSO, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA A. BREMER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered June 13, 2022. The judgment convicted defendant upon his plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). Contrary to defendant's contention, we conclude on this record that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Bailey, 230 AD3d 1543, 1543-1544 [4th Dept 2024], lv denied 42 NY3d 1034 [2024]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US —, 140 S Ct 2634 [2020]). Although defendant contends that the language used by Supreme Court in its oral colloquy suggested that waiving the right to appeal was mandatory, in fact the court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see People v Giles, 219 AD3d 1706, 1706 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). Defendant also contends that the waiver of the right to appeal was invalid because the court did not specifically mention that defendant was waiving a constitutional double jeopardy claim. Defendant's contention is without merit inasmuch as no particular litany regarding the claims that survive or do not survive a waiver of the right to appeal is required for the waiver to be valid (see People v Edmonds, 229 AD3d 1275, 1277 [4th Dept 2024], lv denied 43 NY3d 930 [2025]; Giles, 219 AD3d at 1706-1707; People v Wood, 217 AD3d 1407, 1408 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]). We have examined defendant's remaining contentions regarding the waiver of the right to appeal and conclude that "all the relevant circumstances," including both the oral and the written waiver, "reveal a knowing and voluntary waiver" (Thomas, 34 NY3d at 563; see Edmonds, 229 AD3d at 1278).
Defendant's valid waiver of the right to appeal encompasses his constitutional double jeopardy claim (see People v Muniz, 91 NY2d 570, 574-575 [1998]; People v Rivera, 226 AD3d 929, 931 [2d Dept 2024], lv denied 42 NY3d 1021 [2024]; People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court