People v Yeoman (2025 NY Slip Op 02478)

People v Yeoman

2025 NY Slip Op 02478

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

256 KA 23-01696

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CURTIS W. YEOMAN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered August 15, 2023. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In these consolidated appeals, defendant appeals, in appeal No. 1, from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [2]) and, in appeal No. 2, defendant appeals from a separate judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (§ 220.16 [7]). Both pleas were entered in a single plea proceeding.
Contrary to defendant's contention with respect to both appeals, the record establishes that the oral colloquy, together with the written waiver of the right to appeal, was adequate to ensure that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Giles, 219 AD3d 1706, 1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; People v Cunningham, 213 AD3d 1270, 1270 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; see generally People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US —, 140 S Ct 2634 [2020]). The valid waiver forecloses defendant's challenge in each appeal to the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Malcolm, 231 AD3d 1503, 1504 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; Giles, 219 AD3d at 1707).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court