People v Brinkman (2025 NY Slip Op 04423)

People v Brinkman

2025 NY Slip Op 04423

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., SMITH, OGDEN, DELCONTE, AND KEANE, JJ.

585 KA 22-01819

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROGER K. BRINKMAN, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ANDREW M. MIKOLAJCZYK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Melissa Lightcap Cianfrini, J.), rendered November 1, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law former § 130.50 [1]), defendant contends that his waiver of the right to appeal is unenforceable and that the sentence is unduly harsh and severe. We affirm.
Contrary to defendant's contentions, a waiver of the right to appeal is not unconscionable per se (see People v Barr, 192 AD3d 1571, 1571 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; see generally People v Thomas, 34 NY3d 545, 557 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), and it is not improper for the People to demand a waiver of the right to appeal as a condition of a plea bargain (see e.g. People v Thomas, 237 AD3d 1557, 1557-1558 [4th Dept 2025]; People v Giles, 219 AD3d 1706, 1706 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). Inasmuch as the record here establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see Giles, 219 AD3d at 1706; People v Cunningham, 213 AD3d 1270, 1270 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]), the waiver is valid and precludes our review of defendant's challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Bailey, 230 AD3d 1543, 1544 [4th Dept 2024], lv denied 42 NY3d 1034
[2024]; People v Foumakoye, 229 AD3d 1380, 1380 [4th Dept 2024], lv denied 42 NY3d 970 [2024]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court