People v Faison (2025 NY Slip Op 07202)

People v Faison

2025 NY Slip Op 07202

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

992 KA 23-01767

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vCOREY FAISON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA A. BREMER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (James E. Walsh, Jr., A.J.), rendered January 12, 2023. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant initially contends that his waiver of the right to appeal was not knowingly, voluntarily and intelligently entered due to his mental limitations. We reject that contention. Although the record indicates that defendant had learning disabilities, there was no "indication that defendant was uninformed, confused or incompetent when he waived his right to appeal" (People v DeFazio, 105 AD3d 1438, 1439 [4th Dept 2013], lv denied 21 NY3d 1015 [2013] [internal quotation marks omitted]; see People v Nudd, 53 AD3d 1115, 1115 [4th Dept 2008], lv denied 11 NY3d 834 [2008]). Furthermore, the record establishes that defendant's waiver of the right to appeal was otherwise knowing, voluntary, and intelligent (see generally People v Giles, 219 AD3d 1706, 1706-1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; see generally People v Lococo, 92 NY2d 825, 827 [1998]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court