People v Wright (2026 NY Slip Op 00669)

People v Wright

2026 NY Slip Op 00669

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

46 KA 22-02025

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vDEVON A. WRIGHT, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Melissa Lightcap Cianfrini, J.), rendered November 22, 2022. The judgment convicted defendant upon his plea of guilty of attempted assault in the first degree, assault in the third degree and criminal sexual act in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), criminal sexual act in the second degree (former § 130.45 [1]), and assault in the third degree (§ 120.00 [1]), defendant contends that his waiver of the right to appeal is unenforceable, that County Court erred in denying him youthful offender status, and that his sentence is unduly harsh and severe. We affirm.
Contrary to defendant's contentions, a waiver of the right to appeal is not unconscionable per se, it is not improper for the People to demand a waiver of the right to appeal as a condition of a plea bargain, and an appeal waiver is not rendered unenforceable due to circumstances inherent to the plea bargaining process in general (see People v Thomas, 34 NY3d 545, 557 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Brinkman, 240 AD3d 1431, 1431-1432 [4th Dept 2025], lv denied 44 NY3d 1027 [2025]; People v Barr, 192 AD3d 1571, 1571 [4th Dept 2021], lv denied 37 NY3d 954 [2021]). Inasmuch as the record here establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent, we conclude that the waiver is valid (see generally People v Figueroa, 230 AD3d 1581, 1582 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]). Defendant's valid appeal waiver forecloses our review of his challenge to the court's discretionary decision to deny youthful offender status, any request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender, and his challenge to the severity of the sentence (see People v Malcolm, 231 AD3d 1503, 1504 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; see also People v Burch, 234 AD3d 1246, 1247 [4th Dept 2025], lv denied 43 NY3d 1006 [2025]; People v Stackhouse, 214 AD3d 1303, 1303 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]).
We note, however, that both the certificate of disposition and uniform sentence and commitment form in the record transpose the sentences imposed for assault in the third degree and criminal sexual act in the second degree and must be amended to reflect the correct sentence for each crime (see generally People v Williams, 233 AD3d 1463, 1465 [4th Dept 2024], lv denied 43 NY3d 1012 [2025]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court