People v Maher (2026 NY Slip Op 01653)

People v Maher

2026 NY Slip Op 01653

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

85 KA 22-01650

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vNICHOLAS M. MAHER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN HUTCHISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Michael M. Mohun, A.J.), rendered September 9, 2022. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [2]), defendant contends that his waiver of the right to appeal is unenforceable and that the sentence is unduly harsh and severe. We affirm.
Contrary to defendant's contention, a waiver of the right to appeal is not unconscionable per se (see People v Brinkman, 240 AD3d 1431, 1431-1432 [4th Dept 2025], lv denied 44 NY3d 1027 [2025]; People v Barr, 192 AD3d 1571, 1571 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; see generally People v Thomas, 34 NY3d 545, 557-558 [2019], cert denied 589 US 1302 [2020]), and it is not improper for the People to demand a waiver of the right to appeal as a condition of a plea bargain (see Brinkman, 240 AD3d at 1431-1432; see e.g. People v Thomas, 237 AD3d 1557, 1557-1558 [4th Dept 2025], lv denied 43 NY3d 1059 [2025]; People v Giles, 219 AD3d 1706, 1706 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). Further, the record establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Durinko, 239 AD3d 1347, 1348 [4th Dept 2025], lv denied 44 NY3d 993 [2025]; People v Brown, 229 AD3d 1150, 1150-1151 [4th Dept 2024]). The valid waiver encompasses defendant's challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hoose, 236 AD3d 1294, 1296 [4th Dept 2025], lv denied 44 NY3d 993 [2025]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court